14020. RYALS v. SEABOARD AIR-LINE RAILWAY CO.

BLOODWORTH, J. "Under the provisions of the Civil Code (1910), § 5517, the vendor of an automobile who has retained title therein has a right as owner of the legal title, in the event of the injury or destruction of such automobile, to maintain an action for the tort, and is entitled to recover such damages as he may have sustained by reason of the injury or destruction of the personalty to which he has retained or holds title, provided the damages recovered do not exceed the balance of the purchase-price; and it is not necessary to join the purchaser in the suit." 158 *Ga.* 303.

Under this ruling made by the Supreme Court in answer to a question certified by this court, the judge of the trial court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 12, 1924.

Action for damages; from city court of Americus—Judge Harper. September 15, 1922.

*Crum & Jones, Stephen Pace,* for plaintiff.

*W. W. Dykes,* for defendant.

---

13870. LOUISVILLE & NASHVILLE RAILROAD CO. *et al. v.* DICKSON.

STEPHENS, J. Under the ruling of the Supreme Court in answer to a certified question propounded in this case (158 *Ga.* 303, 123 S. E. 112), the plaintiff, as the holder of the legal title to the property alleged to have been damaged by the defendant, was entitled to recover. The petition otherwise setting out a cause of action in the plaintiff, the court properly overruled the demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JUNE 16, 1924.

Action for damages; from city court of Monroe—Judge Felker. July 25, 1922.

*Miles W. Lewis, R. L. & H. C. Cox,* for plaintiff in error.

*J. C. Knox,* contra.